IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL PECTOL; and VICTIMS NUMBERED 1, 2, AND 3, ) ) ) | CIVIL NO. 22-00169 SOM/KJM |
| Plaintiffs, ) ) | ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* |
| vs. ) ) | |
| BRENT PECTOL; KATHRYN PECTOL; MUNICIPAN, COUNTY, AND STATE FACILITATORS OF ABDUCTED MINOR CHILDREN LISTED IN FILINGS IN U.S.D.C. - LOCATIONS (S.F, L.A., S.J., AND HI); UNITED STATES NEGLIGENT AUTHORITIES, ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATIONS TO PROCEED *IN FORMA PAUPERIS***

**I.      INTRODUCTION.**

On April 14, 2022, Plaintiff Michael Pectol, on behalf of himself and 3 "confidential victims," filed a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").  *See* ECF Nos. 1-2.  Pursuant to 28 U.S.C. § 1915(e)(2), this court has screened the Complaint and determined that it fails to state a claim on which relief may be granted.  Accordingly, the court dismisses the Complaint and denies the IFP Application as moot.

**II.      FACTUAL BACKGROUND.**

Plaintiff's Complaint contains almost no factual allegations. At best, it appears that the present dispute began in other courts. From what the court can glean from the Complaint, Pectol believes that two minors were "abducted" from their parents by unidentified corrupt officials using "hate groups, physical violence, and coordinated religious extremist networks."

**III.     STANDARD.**

To proceed *in forma pauperis*, Plaintiff must demonstrate that he is unable to prepay the court fees, and that he sufficiently plead claims. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The court therefore screens Plaintiff's Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples of the latter class . . . are claims describing fantastic or delusional scenarios.").

**IV. ANALYSIS.**

There are almost no factual allegations in Plaintiff's Complaint, much less allegations supporting a viable claim. As noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the speculative level. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is required to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

Plaintiff's allegations are so limited and unclear that they do not indicate what claims are being asserted against which Defendant and why. Nor do the allegations clearly explain how Plaintiff was hurt by any Defendants' conduct or where that

3

conduct occurred. At best, the court can infer that Plaintiff had parental rights terminated in another court proceeding and that Plaintiff believes the termination was based on some impropriety. This is insufficient to support any viable claim, let alone establish this court's subject matter jurisdiction. Accordingly, Plaintiff's Complaint is dismissed and his IFP Application is denied as moot.

**V.      CONCLUSION.**

The Complaint is dismissed, and the IFP Application is denied as moot. **The court grants Plaintiff leave to file an Amended Complaint that states a viable claim no later than May 13, 2022.** Plaintiff may submit another IFP Application at that time. Failure to file an Amended Complaint by May 13, 2022, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

The court provides some guidance to Plaintiff if he decides to file an Amended Complaint. First, Plaintiff should title the document, "Amended Complaint." Plaintiff may, but need not use a court form from this court's website. Such forms are available at [https://www.hid.uscourts.gov/dsp_Forms.cfm?CatID=2&SubCatID=5&pid=27&mid=113](https://www.hid.uscourts.gov/dsp_Forms.cfm?CatID=2&SubCatID=5&pid=27&mid=113). The Clerk of Court is directed to provide to Plaintiff copies of Form Pro Se 1 (Complaint in a Civil Case) and AO 240 (Application to Proceed

Without Prepayment of Fees & Affidavit), but the court notes that other forms may be more applicable. If plaintiff uses a court form, he may write the word "Amended" before the word "Complaint."

Second, Plaintiff should identify each Defendant and state in simple language what each Defendant allegedly did and what statute, law, or duty was supposedly breached by the Defendant. In other words, Plaintiff should allege facts with respect to what each Defendant allegedly did and what each Defendant should be held liable for. Any Amended Complaint should contain enough factual detail for a person unfamiliar with the matter to understand why Plaintiff is suing each Defendant. Plaintiff may not simply reference other court files. Instead, the Complaint must allege the factual detail underlying the claims asserted in it.

Third, Plaintiff should articulate the relief he is seeking. That is, if he is seeking monetary damages or prospective injunctive relief, he should say so clearly and identify the Defendant(s) from whom he is seeking such relief.

Fourth, Plaintiff is informed that he cannot bring claims under criminal statutes. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability."); *Ashraf v. Reliance*

*Motors, LLC*, 2020 WL 7382101, at *3 (C.D. Cal. Dec. 10, 2020) (ruling that private citizens lack standing to pursue claims for violations of criminal statutes, including 18 U.S.C. § 241), *aff'd*, 859 F. App'x 783 (9th Cir. 2021); *Gilliam v. Glassett*, 2019 WL 150541 (D. Haw. Jan. 9. 2019) (stating that private citizens lack standing to bring criminal claims); *McDonald v. Lee*, 2015 WL 4758012, at *3 (E.D. Cal. Aug. 11, 2015) (ruling that private citizens lack standing to prosecute federal crimes).

Fifth, as a general principle, this court may not exercise appellate jurisdiction over state court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Wolfe v. George*, 486 F.3d 1120, 1124 n.3 (9th Cir. 2007) ("The Rooker-Feldman doctrine generally bars federal district courts 'from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.'" (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)). This means that Plaintiff's Amended Complaint should not try to appeal the decisions of state courts to this federal court.

Sixth, a federal court may not exercise jurisdiction over a case unless (1) it raises a federal question, or (2) the parties are diverse and more than $75,000 is in issue.  A complaint should contain enough information to allow a court to determine whether it has subject matter jurisdiction.

Seventh, Plaintiff may lack standing to assert claims on behalf of others (e.g., minor children).  He may, of course, assert that his own rights have been violated or that he himself has suffered some kind of harm.

Finally, pursuant to Plaintiff's request, the Clerk of Court shall leave a copy of this order and the forms listed above at the clerk's office counter, as Plaintiff has indicated that he has no current mailing address.  Copies of these documents shall also be emailed to Plaintiff at the email address provided in the Complaint--MichaelBoudouaniVanBastolaer@Protonmail.com.  The court requests that Plaintiff check this email at least once every week, as it is the only way this court has to contact Plaintiff.  If Plaintiff either has or acquires a mailing address or a telephone number, he shall inform the court of his contact information right away.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 18, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Pectol, et al.*, v, *Pectol, et al*; Civ. No. 22-00169 SOM/KJM; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATIONS TO PROCEED IN FORMA PAUPERIS